IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BARBARA RICHARDS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL NO. 2009-23 |
| vs. ) | |
| ) | |
| ALFRED MARSHALL and SYDNEY KATZ ) | |
| d/d/a A AND S REALTY ASSOCIATES, ) | |
| ) | |
| Defendants/Third-Party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE GOVERNMENT OF THE VIRGIN ) | |
| ISLANDS, ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____ ) | |
| ) | |
| LORRAINE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-39 |
| ) | |
| ALFRED MARSHALL and SYDNEY KATZ ) | |
| d/d/a A AND S REALTY ASSOCIATES, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM AND ORDER

This matter is before the Court on Lorraine Smith's motion for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure to conduct discovery that would allegedly enable her to respond to defendants' summary judgment motion. The defendants oppose the motion.

*Richards v. Marshall, et al.*
Civil Nos. 2009-23 and 2010-39
Memorandum and Order
Page 2 of 4

Rule 56(f) provides:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) deny the motion;
(2) order the continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
(3) issue any other just order.

Fed. R. Civ. P. 56(f). Under Rule 56(f), the movant must specify by affidavit: "(1) what information is sought; (2) how that information would bar a summary judgment ruling; and (3) why it was not previously obtained."[1]

In support of her Rule 56(f) motion, Smith's counsel avers by declaration that plaintiff seeks to take the deposition of the agent or the employee of the company that performed the air quality tests of the building, the Rule 30(b)(6) depositions of the contractor who performed the renovations, the company that sanitized the building, the company that performed the remediation, a company that worked on the air condition units, a company that performed work and testing, and all experts identified by the defendants. Counsel further avers that discovery had not been conducted because the case was removed from the Superior Court of the Virgin Islands[2] and consolidated with *Richards, et al., v. Marshall, et al.*, Civil No. 2009-23, in April 2010. Finally, counsel avers that the discovery "will adduce factual information precluding summary judgment for the defendants."

---

[1] *Ramos v. Executive Airlines, Inc. a/b/a American Eagle*, 2008 U.S. Dist. LEXIS 68974 *4 (D.V.I. September 11, 2008).

[2] The case was removed on April 18, 2010.

*Richards v. Marshall, et al.*
Civil Nos. 2009-23 and 2010-39
Memorandum and Order
Page 3 of 4

While a "court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery,"[3] and "district courts usually grant properly filed Rule 56(f) motions 'as a matter of course,'"[4] the discovery sought must be material to the issues raised in the motion for summary judgment.[5] Here, defendants move for summary judgment on the grounds that under the Lease Agreement between defendants and the Government of the Virgin Islands, defendants had no duty or responsibility for the repairs or maintenance to the building, that they leased the building "as is," and that their only responsibility under the Lease Agreement was to maintain the structural integrity of the building.[6] However, Smith seeks discovery on matters that do not address the terms of the Lease Agreement. Rather, she seeks information about the renovations, testing, and remediation that were performed in the building and expert discovery regarding the same. The information Smith seeks to discover does not appear not material to the issues raised in defendants' summary judgment motion.

Further, apart from the fact that Smith does not explain why in the almost six months

---

[3] *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988).

[4] *St. Surin v. Virgin Islands Daily News*, 21 F.3d 1309, 1314 (3d Cir. 1994) (citations omitted).

[5] *Doe v. Shaw*, 480 F.3d 252, 257 (3d Cir. 2007) (citing *Miller v. Beneficial Mgmt, Corp.*, 977 F.2d 834, 845-846 (3d Cir. 1992)). See also *Resolution Trust Corporation v. North Bridge Associates, Inc.,* 22 F.3d 1198, 12017 (1st Cir. 1994) (materiality for the purposes of Rule 56(f) means material to the issues raised on summary judgment).

[6] Smith brought suit against the defendants alleging that the building was contaminated with mold, fungi, asbestos and other contaminants, and that the defendants failed to properly inspect, maintain, repair and test the premises.

*Richards v. Marshall, et al.*
Civil Nos. 2009-23 and 2010-39
Memorandum and Order
Page 4 of 4

following removal and consolidation she failed to obtain this discovery, she also does not explain exactly what facts she believes the desired discovery will adduce that will cause summary judgment to be denied. Under these circumstances, she has not met the requirements under Rule 56(f).

    For the foregoing reasons, Smith's Rule 56(f) motion is DENIED.

                                      S_____
                                        **RUTH MILLER**
                                        United States Magistrate Judge