IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| BARBARA RICHARDS, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL NO. 2009-23 |
| vs. | ) | |
| | ) | |
| ALFRED MARSHALL and SYDNEY KATZ | ) | |
| d/d/a A AND S REALTY ASSOCIATES, | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE GOVERNMENT OF THE VIRGIN | ) | |
| ISLANDS, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |
| | ) | |
| LORRAINE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-39 |
| | ) | |
| ALFRED MARSHALL and SYDNEY KATZ | ) | |
| d/d/a A AND S REALTY ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER

Before the Court is plaintiff Lorraine Smith's motion (ECF 200) to modify the scheduling order to allow her until February 29, 2012 "to produce expert reports from her treating physicians." For the reasons set forth below, this motion will be denied.

These consolidated matters involve personal injury claims by over 30 individual plaintiffs, employees at the Virgin Islands Bureau of Internal Revenue ("VIBIR"), alleging that they suffered

*Richards, et al. v. Marshall, et al.*
Civil No. 2009-23
*Smith v. Marshall, et al.*
Civil No. 2010-39
Page 2

injury as a result of being required to work in the VIBIR's building, in which the air was contaminated.   All but one of the plaintiff's claims was brought in Civil No. 09-23, filed in this Court on February 10, 2009.   Plaintiff Smith's claim (Civil No. 10-39) was originally filed in the Superior Court of the Virgin Islands, and was removed here on April 18, 2010.   By Order dated May 10, 2010, the two matters were consolidated on defendants' motion, to which Smith did not object.

Prior to consolidation, the Court had entered several scheduling orders that had set and modified dates with respect to the disclosure of experts.   Once consolidated, the Court entered an Order dated May 20, 2010, which required reports from plaintiffs' experts to be served by October 8, 2010 (ECF 144).   On September 14, 2010, however, upon the agreement of the existing parties, the defendants were permitted to join the Government of the Virgin Islands as a third-party defendant, and trial was scheduled for June 6, 2011 (ECF 176).   Plaintiffs then moved to extend the deadlines, and by Order dated November 8, 2010, the deadline for plaintiffs to serve their expert reports was extended to February 1, 2011.   That deadline was again extended, to April 1, 2011, when the trial was rescheduled to December 6, 2011 (ECF 223).

To allow time for the extensive discovery required, given the large number of plaintiffs and the number of treating professionals involved, the schedule was once again amended in March 2011.   Although the trial date remained the same, the deadlines for plaintiffs to produce their expert reports were extended to May 1, 2011 with respect to liability experts and to June 1, 2011, with respect to damages experts (ECF 239).   At a pretrial conference on June 28, 2011, it was

*Richards, et al. v. Marshall, et al.*
Civil No. 2009-23
*Smith v. Marshall, et al.*
Civil No. 2010-39
Page 3

noted that all of the plaintiffs in Civil No. 09-23 had filed their expert disclosures, and the Order

recited that "plaintiff in Case 10-39 expressed her intention to rely on the experts identified by the

other plaintiffs" (ECF 265).   The deadline for defendants' expert reports was extended to permit

reports to be served no later than August 15, 2011.

At a pretrial conference on September 20, 2011, the deadline for defendants' expert

disclosures was, for good cause, extended to November 15, 2011, and expert witness depositions

were set to be completed by December 31, 2011.   The trial was moved into the June 2012 trial

pool, due to the large number of parties and depositions, fact, medical and expert, that had to be

completed to prepare the case for trial, to ensure that the parties had sufficient time to consider

settlement and participate in mediation, and to allow sufficient time for the filing and consideration

of dispositive motions.   At no time in the conference did plaintiff Smith suggest she intended to

rely on an as yet undisclosed expert, nor did she seek additional time to provide an expert report.

Finally, at the pretrial conference on January 26, 2012, it was noted that although still no

motions had been filed for schedule relief, there were apparently expert disclosures that had not

been made in a timely fashion.   The parties were given until February 3, 2012 to file such

motions, and plaintiff Smith was the only party to do so, filing her motion on February 6, 2012.

Plaintiff claims that (1) because her physicians had been disclosed as her medical

providers, defendants "cannot claim any surprise that the Plaintiff shall call them as experts at

trial," and (2) the "the late production of [the] experts reports by February 29, 2012 would be both

substantially justified and harmless" because the experts need to review "all reports and fact

*Richards, et al. v. Marshall, et al.*
Civil No. 2009-23
*Smith v. Marshall, et al.*
Civil No. 2010-39
Page 4

depositions necessary to render their opinions."[1]   At the same time, plaintiff Smith acknowledges that "significant time has passed since the Plaintiff's expert disclosures deadline,"[2] but now wants her two treating physicians to "explain to the jury how Plaintiff's damages are caused and what pre-existing conditions Plaintiff may have had that were aggravated by" the air in defendants' building.[3]   On the one hand, plaintiff argues that defendants have "been on notice of their opinions since the time it [sic] received their records," yet on the other hand, she seeks to file additional reports she claims are "critical evidence."[4]

Nowhere does plaintiff satisfactorily explain why such "critical" expert reports could not have been submitted within the discovery deadline; in other words, why it would have been "impossible"[5] to comply with the Court's scheduling orders and obtain the reports within the time allowed, or seek relief in a more timely fashion.  *See Unlimited Holdings v. Bertram Yacht, Inc.,* 2008 U.S. Dist. LEXIS 82142, at *19 (D.V.I. Oct. 15, 2008).   If, indeed, defendants were "on notice" of the doctors' opinions, then so was plaintiff Smith, and the reports could have and should have been filed on time, especially since all parties received scheduling relief as the case progressed and the scope of the required massive discovery effort became known.

In addition to failing to show that timely disclosure would not have been possible, plaintiff's argument that late disclosure is "harmless" and creates no prejudice for defendants is

---

[1] ECF 200 at pp. 3, 5.   Plaintiff does not enumerate which reports and depositions would need to be reviewed in order for these doctors to render opinions about their own patient.
[2] Id. at 5.
[3] Id. at 6.
[4] Id.
[5] It is interesting to note that the other more than 30 plaintiffs were able to make their expert disclosures within the time permitted.

*Richards, et al. v. Marshall, et al.*
Civil No. 2009-23
*Smith v. Marshall, et al.*
Civil No. 2010-39
Page 5

unavailing.   As defendants point out, they have already deposed one of Smith's doctors, and the scheduling and taking of the other plaintiff, treating physician, and expert depositions has been a herculean task for all parties.   In the limited time available before trial, the parties must complete those depositions previously scheduled and agreed to, digest the discovery material to prepare for and participate in mediation and to prepare dispositive motions, and prepare this multi-party action for trial.   Allowing the late disclosure of new expert reports -- on the eve of the dispositive motion date – would prejudice all the other parties and jeopardize the remaining schedule. Accordingly, in these circumstances plaintiff Smith has failed to demonstrate the good cause necessary for an extension of the schedule to permit the late disclosure of expert reports.   The motion to modify the scheduling order is DENIED.

S_____
**RUTH MILLER**
U. S. Magistrate Judge