```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN
```

BARBARA RICHARDS, ANNETTE WOODLEY, )
PAULETTE RAWLINS, NICOLE HODGE, )
SHIRLEY JONES, CHERYL HUYGHUE, )
COLETTE BROWNE, CAROL NATHANIEL, )
LAVERNE OLIVE, MILLICENT FRANCIS, )
BRENDA BRIDGES, CLAUDIA TODMAN, )
PATRICK AUGUSTINE, YOLANDO BELLE, )
CHARMAINE JOSEPH, RAMONA ALLAMBY, )
CHARRISIA BENJAMIN, NICKISHA )
BIRMINGHAM, GAIL BLACKWOOD, ALENA )
BRATHWAITE, NICOLE EDDY, CHERYL )
KUNTZ, SHANIK MANNERS, ALANA )
MONSANTO, CATHERINE PERCEL, MARIA )
RICHARDSON, LE'TISHMA SMITH, SANDRA )
D. SMITH, TIFFANNE SUTTON, SELANE )
THOMAS, CHERYL VAN PUTTEN, MARIE )
VANTERPOOL, and GLENROY WARNER, )
                                   )
              Plaintiffs,          )
                                   )
              v.                   )   Civil No. 2009-23
                                   )
ALFRED MARSHALL and SYDNEY KATZ    )
d/b/a A&S REALTY ASSOCIATES,       )
                                   )
              Defendants.          )
                                   )

ATTORNEYS:

**K. Rick Alvis, Esq.**
Alvis & Willingham
Birmingham, AL
**Vincent A. Colianni, II, Esq.**
Colianni & Colianni
St. Croix, VI
    *For the plaintiffs,*

**Robert L. King, Esq.**
Law Offices of Robert King
St. Thomas, VI
    *For the defendants.*

**MEMORANDUM OPINION**

**GÓMEZ, C.J.**

Before the Court is the plaintiffs' motion for reconsideration of the Court's May 8, 2013, Order denying their motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs, Barbara Richards, Annette Woodley, Paulette Rawlins, Nicole Hodge, Shirley Jones, Cheryl Huyghue, Colette Browne, Carol Nathaniel, Laverne Olive, Millicent Francis, Brenda Bridges, Claudia Todman, Patrick Augustine, Yolando Belle, Charmaine Joseph, Ramona Allamby, Charrisia Benjamin, Nickisha Birmingham, Gail Blackwood, Alena Brathwaite, Nicole Eddy, Cheryl Kuntz, Shanik Manners, Alana Monsanto, Catherine Percel, Maria Richardson, Le'tishma Smith, Sandra D. Smith, Tiffanne Sutton, Selane Thomas, Cheryl Van Putten, Marie Vanterpool, and Glenroy Warner (collectively, the "Plaintiffs"), are or were employed by the Virgin Islands Bureau of Internal Revenue (the "VIBIR").

During the course of the Plaintiffs' employment with the VIBIR, the VIBIR leased a building located at 9601 Estate Thomas, St. Thomas (the "Marshall Building") from the defendants, Alfred Marshall ("Marshall") and Sydney Katz ("Katz"), doing business as A&S Realty Associates (collectively, "A&S Realty").

While working in the Marshall Building, the Plaintiffs began experiencing respiratory problems, headaches, nausea, and various other symptoms. The Plaintiffs claim that these symptoms were caused by an unusually high number of mold spores in the air inside the Marshall Building. This high mold count was allegedly due to improper construction of the building, which allowed the mold to fester, and poor ventilation, which failed to remove the particulates from the building's air supply.

The Plaintiffs initiated this action on February 10, 2009. The Amended Complaint asserts one count of negligence against A&S Realty.

On June 9, 2009, Lorraine Smith ("Smith"), another former VIBIR employee, filed a complaint against Marshall and Katz[1] in the Superior Court of the Virgin Islands (the "Smith Case"). Smith, like the Plaintiffs in the instant case, asserted that the mold spores in the Marshall Building caused her to suffer various ailments. Specifically, Smith asserted, among other things, that Marshall and Katz, as lessors, negligently failed to use reasonable care to protect from a harmful condition, and that Marshall and Katz negligently failed to warn Smith of this condition.

The Smith Case was subsequently removed to this court. A jury trial commenced on June 11, 2012. On June 15, 2012, on

---

[1] Smith did not name A&S Realty as a separate defendant, unlike the Plaintiffs in this case.

motion of Smith, all counts against Marshall were dismissed. On June 18, 2012, the jury returned a verdict in favor of Smith and against Katz as to the counts of negligent failure to protect from a harmful condition and negligent failure to warn. Katz timely moved for judgment as a matter of law and for a new trial. On October 11, 2012, the Court entered judgment in accordance with the jury verdict. Katz's motions for judgment as a matter of law and a new trial remained pending. Thereafter, Katz moved for remittitur.

On November 7, 2012, the Plaintiffs moved for summary judgment in this case on the ground that, given the verdict in the Smith Case, A&S Realty was collaterally estopped from denying its negligence or that the cause of the Plaintiffs' injuries was the mold in the Marshall Building. The Court denied that motion on January 8, 2013, noting that Katz's various post-trial motions remained pending.

On March 22, 2013, the Court denied Katz's motions for judgment as a matter of law and for a new trial in the Smith Case. The Court granted Katz's motion for remittitur.

On April 22, 2013, the Plaintiffs renewed their motion for summary judgment. The Court denied the motion on May 8, 2013. The Court held that, first, the doctrine of collateral estoppel did not bar A&S Realty from disputing its negligence in this case because the jury in the Smith case made no finding with

respect to the specific cause of the Plaintiffs' alleged injuries. The Court further declined to apply the doctrine of collateral estoppel to the issue of general causation--that is, whether the mold of which the Plaintiffs complain is capable of causing their injuries. The Court noted that there is no scientific consensus about the effects of mold exposure and that the expert testimony in the Smith Case was not so persuasive as to overcome this uncertainty. The Court also expressed concern about how it could instruct a jury that general causation had been already "proven" without causing prejudice or confusion.

The Plaintiffs now move for reconsideration of the Court's May 8, 2013, Order. The Plaintiffs argue that the Court should have granted their motion with respect to the issue of whether A&S Realty breached its duty of care.

## II. DISCUSSION

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only where there is:

1. intervening change in controlling law;

2. availability of new evidence;

3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered

evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.' " *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.' " *Id.* (quoting *In re Rose*, No. 06-1818 (JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as " 'an error in the trial court that is direct, obvious, and observable.' " *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting BLACK'S LAW DICTIONARY 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

### III. <u>ANALYSIS</u>

At the outset, the Court notes that in neither of its prior motions did the Plaintiffs clearly raise the question of whether collateral estoppel might apply to the issue of A&S Realty's

breach of a duty of care, separate and apart from the overall question of whether A&S Realty is estopped from denying its negligence. This, then, is not a situation where "the Court overlooked some dispositive factual or legal matter that was presented to it." *Cabrita Point Dev.*, 52 V.I. at 975 (D.V.I. 2009).

Even if this issue had been presented, however, the Court is unpersuaded that summary judgment would be appropriate. "Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated." *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007). Courts have recognized four essential elements that govern the applicability of issue preclusion: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *Id.* at 175 (quoting *Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.*, 63 F.2d 1227, 1231–32 (3d Cir. 1995) (quoting *In re Graham*, 973 F.2d 1089, 1097 (3d Cir. 1992))) (internal quotation marks removed); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322 n.5 (1979); *Clarenbach v. Consol. Parts*, 17 V.I. 123, 129 (V.I. Terr. Ct. 1980) (applying four-part test). Courts traditionally have also required mutuality--that is, "that the parties on both sides of

the current proceeding be bound by the judgment in the prior proceeding." *Id.* (citing *Parklane Hosiery*, 439 U.S. at 326–27). More recently, however, Courts have held that "a litigant may be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary." *Id.* (citing *Blonder-Tongue Labs, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 (1971); *Parklane Hosiery*, 439 U.S. at 329); *see also Clarenbach*, 17 V.I. at 131 (recognizing that the Restatement (Second) of Judgments permits non-mutual issue preclusion).

In the Virgin Islands, the elements of a negligence suit are well established: "duty, breach of duty, causation and damages." *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 571 (D.V.I. 2004) (quoting *Gass v. V.I. Tel. Corp.*, 149 F. Supp. 2d 205, 209 (D.V.I. 2001) (quoting *Logan v. Abramson Enters., Inc.*, 30 V.I. 72, 73 (D.V.I. 1994)); *see also* RESTATEMENT (THIRD) OF TORTS, § 3.[2]

"An actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm." RESTATEMENT (THIRD) OF TORTS § 7. In determining the scope of duty, courts consider a number of factors, including "the relationship between the actor and the person harmed." *Id.* at cmt. a. Indeed,

---

[2] In the Virgin Islands, "[t]he rules of the common law, as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands . . . in the absence of local laws to the contrary." V.I. CODE ANN., tit. 1, § 4.

the Third Restatement of Torts specifically cites landowners as an example of actors whose liability changes based on their relationship to the victim. *See id.* ("[C]ourts hold that landowners are free from negligence liability to some trespassers.") In the present case, although it is alleged that the Plaintiffs, like Smith, were VIBIR employees who worked in the Marshall Building, the Plaintiffs have not produced any competent evidence to that effect. The Court is thus unable to say at this time whether the relationship between the Plaintiffs and A&S Realty is identical to that shared by Smith and A&S Realty.

Additionally, as the Court noted in its May 8, 2013, Order, the jury in the Smith Case made no specific finding with respect to the Plaintiffs; it merely found that A&S Realty had acted negligently with respect to Smith.

In *Dodge v. Cotter Corp.*, 203 F.3d 1190 (10th Cir. 2000), the Court of Appeals for the Tenth Circuit held that similarly nonspecific jury findings precluded the application of the collateral-estoppel doctrine. In a previous case, an individual sued Cotter Corporation for negligently operating a uranium mill, resulting in the release of various toxic chemicals. The jury in that case found Cotter Corporation had acted negligently.

In *Dodge*, the plaintiffs sought to apply the jury's verdict from the previous case to estop Cotter Corporation from denying its negligence with respect to its operation of the uranium mill. The Tenth Circuit found that the doctrine of collateral estoppel did not apply. The Court explained that, in the prior action,

> [t]he jury was not instructed on the specific duty allegedly breached. Nor did the verdict form specify what negligent act formed the basis of the general finding of negligence. . . . [T]he [prior] trial did not resolve whether the same released contaminants in whatever directions or forms or times amounted to negligent conduct as to each . . . plaintiff with a clear indication the parties intended to be bound for all future proceedings by that finding.

*Id.* at 1198.

Likewise, in the present case, the verdict in the Smith Case did not identify specific acts that constituted a breach of duty, or indicate precisely what duty was breached. It is thus impossible for the Court to say that the jury's verdict in the Smith Case is binding on A&S Realty with respect to each and every one of the Plaintiffs.

An appropriate order follows.

S\_____
Curtis V. Gómez
Chief Judge