DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

BARBARA RICHARDS, ANNETTE WOODLEY, )
PAULETTE RAWLINS, NICOLE HODGE, )
SHIRLEY JONES, CHERYL HUYGHUE, )
COLETTE BROWNE, CAROL NATHANIEL, )
LAVERNE OLIVE, MILLICENT FRANCIS, )
BRENDA BRIDGES, CLAUDIA TODMAN, )
PATRICK AUGUSTINE, YOLANDO BELLE, )
CHARMAINE JOSEPH, RAMONA ALLAMBY, )
CHARRISIA BENJAMIN, NICKISHA )
BIRMINGHAM, GAIL BLACKWOOD, ALENA )
BRATHWAITE, NICOLE EDDY, CHERYL )
KUNTZ, SHANIK MANNERS, ALANA )
MONSANTO, CATHERINE PERCEL, MARIA )
RICHARDSON, LE'TISHMA SMITH, SANDRA )
D. SMITH, TIFFANNE SUTTON, SELANE )
THOMAS, CHERYL VAN PUTTEN, MARIE )
VANTERPOOL, and GLENROY WARNER, )
                                  )
           Plaintiffs,            )
                                  )
           v.                     )   Civil No. 2009-23
                                  )
ALFRED MARSHALL and SYDNEY KATZ   )
d/b/a A&S REALTY ASSOCIATES,      )
                                  )
           Defendants.            )
                                  )

ATTORNEYS:

**K. Rick Alvis, Esq.**
Alvis & Willingham
Birmingham, AL
**Vincent A. Collianni, II, Esq.**
Colianni & Colianni
St. Croix, VI
    *For plaintiffs,*

    *For Plaintiffs.*

**Robert L. King, Esq.**
Law Offices of Robert King
St. Thomas, VI
    *For Defendants Alfred Marshall and Sydney Katz.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiffs to substitute a party.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action was initiated on February 10, 2009. The plaintiffs, Barbara Richards, Annette Woodley, Paulette Rawlins, Nicole Hodge, Shirley Jones, Cheryl Huyghue, Colette Browne, Carol Nathaniel, Laverne Olive, Millicent Francis, Brenda Bridges, Claudia Todman, Patrick Augustine, Yolando Belle, Charmaine Joseph, Ramona Allamby, Charrisia Benjamin, Nickisha Birmingham, Gail Blackwood, Alena Brathwaite, Nicole Eddy, Cheryl Kuntz, Shanik Manners, Alana Monsanto, Catherine Percel, Maria Richardson, Le'tishma Smith, Sandra D. Smith, Tiffanne Sutton, Selane Thomas, Cheryl Van Putten, Marie Vanterpool, and Glenroy Warner (collectively, the "Plaintiffs") allege that they sustained various injuries after being exposed to toxic mold allegedly present in a building owned by the defendants, Alfred Marshall and Sydney Katz, doing business as A&S Realty Associates (collectively, "A&S Realty").

On October 16, 2009, the Complaint was amended to name, among others, Tiffanne Sutton ("Sutton") as an additional plaintiff.

On May 20, 2012, the defendants Alfred Marshall and Sydney Katz, d/b/a A&S Realty Associates (collectively, "A&S Realty") filed a suggestion of death, which states simply that they "give[] notice of the death of the Plaintiff Tiffanae [sic] Sutton." The Suggestion of Death was unaccompanied by any affidavits or exhibits.

The Plaintiffs responded to the Suggestion of Death by filing a motion to quash, asserting that it was not submitted in compliance with Federal Rule of Civil Procedure 25 ("Rule 25").

On December 11, 2012, the Court ordered the parties to submit competent evidence as to whether Sutton was alive or dead.

On December 21, 2012, the Plaintiffs responded to the Court's order. They produced a copy of Sutton's certificate of death. They also moved to substitute her for an as-yet unidentified personal representative.

The Plaintiffs moved to withdraw their motion to substitute, noting that a personal representative had not yet been appointed on behalf of Sutton's estate.

At an April 18, 2013, hearing on the Plaintiffs' motion to substitute, the Plaintiffs informed the Court that, at that time, there was no personal representative for Sutton's estate. Moreover, the Plaintiffs admitted they had no good cause for the

delay in informing the Court of Sutton's death, and in having a personal representative appointed for her estate.

## II. ANALYSIS

Rule 25 provides, in pertinent part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1) ("Rule 25(a)(1)").

It may seem all but tautological, but it must be noted that for a party to be substituted with another, there must be some other identifiable person or entity that will step into the shoes of the former party. *See, e.g.*, *Giles v. Campbell*, 698 F.3d 153, 158 (3d Cir. 2012) (holding that party to be substituted must be served with motion to substitute); *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994) ("[S]ome other party or the executor or administrator of the deceased must move for substitution of the estate for the deceased, or the deceased's case will be dismissed."); *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (S.D.N.Y. 2012) (holding that "[a] proper party under Rule 25 must be a legal representative of the deceased," such as "a successor of the deceased party--a distrubutee of an estate if the estate of the deceased has been

distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party--a person lawfully designated by state authority to represent the deceased's estate.").

Here, it has been nearly a year since A&S Realty first filed its suggestion of death and more than five months since A&S Realty moved to substitute Sutton out of the case. Despite this considerable amount of time, no person has been identified who might stand in Sutton's shoes for the litigation of her claims.

Yet, peculiarly, the Plaintiffs' have moved for the substitution of Sutton. Absent any indication of who might be substituted for Sutton, it would appear that this motion is premature. Accordingly, it must be denied.

At the same time, the Court cannot ignore that the trial in this matter is currently set for September 9, 2013, less than two months from now. It is unclear when, if at all, a representative may be appointed for Sutton.[1] Moreover, the introduction of a new party into this already complicated and long-pending case would likely only serve to delay matters

---

[1] During the April 18, 2013, hearing, the Plaintiffs suggested that Sutton's father was in the process of petitioning the Superior Court of the Virgin Islands to be appointed representative of Sutton's estate. It is unclear, however, if that petition has been granted or remains pending. It is likewise unclear if Sutton's father is presently a successor in interest of Sutton. The Court thus cannot say, on the record before it, that there is any person who may be substituted for Sutton in this matte.r

further. For example, Sutton's successor would be free to choose new counsel. The introduction of new counsel might also require the reopening of discovery, which has been closed now for quite some time.

Federal Rule of Civil Procedure 21 presents a potential solution. It provides, in pertinent part, that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The Court finds that severance is an appropriate remedy here, given Sutton's death and the current inability of either party to identify a successor.

The premises considered, it is hereby

**ORDERED** that Sutton's claim be and hereby is **SEVERED**; and it is further

**ORDERED** that the trial of Sutton's claim shall commence promptly at 9:30 a.m. on September 23, 2013.

S\_____
  Curtis V. Gómez
   **Chief Judge**